## Nyssen License

*Thomas Wood*, for Commonwealth.
*Patrick H. Fierro*, for appellant.

WILLIAMS, P. J., October 26, 1959.—This matter comes before us on an appeal by John H. Nyssen from the suspension of his driver's operating privileges by the Secretary of Revenue.

## Findings of Fact

The court makes the following findings of fact:

1. The operating privileges of John H. Nyssen were suspended for a period of 15 days by the Bureau of Motor Vehicles, Commonwealth of Pennsylvania, effective September 1, 1959.

2. On September 4, 1959, an appeal was allowed by this court, this appeal acting as a supersedeas.

3. Appellant's operating privileges in the State of New Jersey were revoked for a period of 30 days, said revocation being based on an alleged speeding on April 17, 1959, on which charge appellant was found guilty June 1, 1959.

4. That said appellant was not speeding according to the law of New Jersey on April 17, 1959.

## Discussion

A hearing date was set with this court and on the day of hearing no person appeared for the Commonwealth except its lawyer. The only testimony introduced to sustain the suspension was that of appellant himself, together with a copy of the revocation order of the State of New Jersey. The court allowed the Commonwealth to cross-examine Mr. Nyssen, appellant, and he testified that he was arrested in New Jersey while traveling on a four-lane divided highway on a charge of traveling more than 50 miles an hour, whereas the speed limit on said highway was 50 miles an hour. Appellant testified that no policeman followed him and clocked his speed but that the speed was taken by radar camera. He testified that he was not going over 50 miles an hour and that the only time that he did exceed this 50-mile limit was when he passed a

tractor trailer truck. He further testified that in New Jersey he employed an attorney, that his hearing was postponed several times and that he finally paid a fine before the magistrate without hearing upon advice of his counsel.

His testimony was also to the effect that his driving privileges were necessary to his business in that he is a manufacturers' representative making it necessary for him to travel in his automobile more than 25,000 miles a year.

The argument of the Commonwealth is that inasmuch as appellant did not appear for a hearing before the Bureau of Highway Safety of the Department of Revenue, that the court must now sustain the suspension upon the certificate from New Jersey showing that his privileges were revoked in that State. With this we cannot agree.

Section 618 (e) of The Vehicle Code of April 29, 1959, P. L. 58, is to the effect that the Secretary of Revenue is authorized to suspend the operator's license of any person licensed in this Commonwealth upon receiving notice of the conviction of such person in another State, of an offense therein, which, if committed in this Commowealth, would be grounds for the suspension of the license of such operator, and upon failure of said person to appear at a hearing before the secretary, or his representative.

Section 620 of said code, however, gives the right to any person after an operator's license has been suspended to appeal to the court of common pleas of the county in which the operator resides. Although appellant in this case did not take advantage of a hearing before the Secretary of Revenue or his agent, he did appeal, and in such case the court, according to section 620, is to take testimony and examine into the facts of the case and to determine whether petitioner is subject to suspension of operator's license. It has always

been held by our courts that the hearing for such appeal shall be de novo. This being so, it is for the court to judicially determine from the evidence as to whether or not petitioner's license should be suspended. It is for the Commonwealth to introduce testimony to sustain its position. The certificate from New Jersey is certainly not sufficient testimony, especially as petitioner has appeared and testified to the contrary.

The privilege to drive an automobile upon the highways of our Commonwealth can be suspended by the Secretary of Revenue. Such suspension, however, should be based upon proper grounds and the secretary in every instance should judicially determine as to whether or not there should be a suspension of privileges. A suspension to many people means a loss of livelihood, or great costs in hiring some person to drive. The routine manner in which licenses are suspended was certainly not contemplated by the legislature, and in many cases no testimony is introduced except that of the accused.

In the instant case the Commonwealth expects the court to suspend upon a certificate of a foreign State, and upon appellant's own testimony that indicates that appellant would not be guilty of speeding in this State even if he was exceeding the 50-mile limit.

We are of the opinion that the legislature when it allowed an appeal to the court of common pleas intended that a hearing be held before this court in conformity to the rules of evidence. Certainly the legislature did not desire the court to be merely a "rubber stamp" for the Secretary of Revenue. In the instant case there is no testimony whatsoever which would lead us to sustain the position of the Secretary of Revenue.

### Conclusions of Law

The court makes the following conclusions of law:

1. The operating privileges of John H. Nyssen should not be suspended.

*Order of Court*

And now, October 26, 1959, it is ordered and decreed that the appeal is sustained and the Secretary of Revenue, Commonwealth of Pennsylvania, is directed to reinstate the operating privileges of John H. Nyssen.